# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:20-cv-916 |
| PHUNWARE, INC., | ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Berkley National Insurance Company ("Berkley National"), by its attorney, J. Price Collins of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant, Phunware, Inc. ("Phunware"), states as follows:

### STATEMENT OF THE CASE

1. This action seeks a declaration that Berkley National owes no insurance coverage obligations to Phunware in connection with a lawsuit styled *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A., et al.,* Case No.: 20-cv-2523, ( U.S. District Court for the Northern District of Illinois) ("Underlying Action"). A copy of the Complaint against Phunware in the Underlying Action is attached as Exhibit A.

### PARTIES

2. Berkley National is an insurance company formed under the laws of the State of Iowa with its principal place of business in Iowa. Berkley National conducts business in Texas and within the geographical boundaries of this District.

3. Phunware is a corporation formed under the laws of the State of Delaware with its principal place of business in Texas. Phunware conducts business in Texas and within the geographical boundaries of this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states. Specifically, Phunware seeks defense and indemnity coverage from Berkley National for the Underlying Action, in which the claimant seeks recovery from Phunware of a $3,000,000 loan, plus punitive damages, litigation expenses, attorneys' fees, and interest. See, Exhibit A at pars. 47, 121, and Prayer for Relief.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance coverage under a policy issued within the geographical boundaries of this District, Phunware's principal place of business is within the geographical boundaries of this District, and the parties reside and/or conduct business in this District.

## FACTS

6. Berkley National issued a Commercial Lines Policy TCP 7013912-11 with effective dates of October 01, 2019 to October 01, 2020 to Phunware (the "Policy"). The Policy includes Commercial General Liability coverage, with a limit of $1,000,000 each occurrence and $2,000,000 aggregate, along with Personal & Advertising Injury coverage with a limit of $1,000,000 for any one person or organization. A copy of the Policy is attached as **Exhibit B**.

7. The Policy contains the following terms and endorsements:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V–Definitions.

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   **a.** Berkley National will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. Berkley National will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, Berkley National will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. Berkley National may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount Berkley National will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when Berkley National have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly

        provided for under Supplementary Payments – Coverages **A** and **B.**

  **b.**  This insurance applies to "bodily injury" and "property damage" only if:

      **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)**  Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

                \* \* \*

**2.**  **Exclusions**

This insurance does not apply to:

  **a.**  **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

                \* \* \*

## COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**  **Insuring Agreement**

    a.    Berkley National will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. Berkley National will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, Berkley National will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. Berkley National may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    **(1)**    The amount Berkley National will pay for damages is described in Section **III** – Limits Of Insurance; and

    **(2)**    Our right and duty to defend end when Berkley National have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

2.    **Exclusions**

This insurance does not apply to:

\* \* \*

    a.    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the

    act would violate the rights of another and would inflict "personal and advertising injury"

* * *

## SECTION V – DEFINITIONS

* * *

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

17.  "Property damage" means:

   a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

18.  "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a.  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

**SECTION V – DEFINITIONS, 14. PERSONAL AND ADVERTISING INJURY LIABILITY**, is deleted and replaced by the following:

14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

                    **a.**     False arrest, detention or imprisonment;

                    **b.**     Malicious prosecution;

                    **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

                    **d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

                    **e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

                    **f.**     The use of another's advertising idea in your "advertisement"; or

                    **g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

                                         * * *

**G.    BODILY INJURY**

Under **Section V - Definitions**, the definition of "bodily injury" is deleted and replaced by the following:

"Bodily injury" means physical injury, sickness, or disease sustained by a person, including death resulting from any of these. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock sustained by a person, if directly resulting from physical injury, sickness, or disease sustained by that person.

                       *      *      *

See, Exhibit B.

COMPLAINT FOR DECLARATORY JUDGMENT                                                                    PAGE 7
5210113v.1

8. Phunware has demanded Berkley National defend and indemnify it in the Underlying Action under the Policy.

## SUMMARY OF UNDERLYING COMPLAINT

9. In the underlying complaint Plaintiff Sha-Poppin Gourmet Popcorn LLC ("Sha-Poppin" or "Plaintiff") individually and on behalf of all others similarly situated, has brought a Class Action Complaint and Demand for Jury Trial against Defendant Phunware Inc. (the "Insured") and others to obtain redress for Defendants' alleged efforts to cheat Plaintiff and countless other small businesses out of their right to apply for and receive federal stimulus funding through the Small Business Administrations ("SBA") Paycheck Protection Program ("PPP").

10. Such PPP loan applications were to be administered only through SBA-approved lenders and funds to be distributed on a first-come, first-served basis. The SBA-approved lenders were to serve as the intermediary between the borrowers and the SBA. As such, no one was able to access the PPP without going through JPMorgan Chase Bank, N.A. ("Chase") or other approved lenders. Plaintiff alleged that as a prized client of Chase, the Insured was prioritized and able to secure a loan through the SBA's PPP faster and with a higher chance of approval when compared to other smaller businesses.

11. Plaintiff also alleged Chase knew it would receive tens of thousands of requests from the PPP borrowers and decided to make all efforts to prioritize processing the loan application of its favored customers first. Plaintiff alleges that Phunware, and other defendants, knew that they were being given preferential treatment by Chase and have been unjustly enriched. It is further alleged that as direct result of Chase's and the Defendants Class' acts and omissions, Plaintiff and countless other small businesses have lost out on their ability to apply for the PPP loans, or have

received far smaller loan amounts than they otherwise would have been entitled to. Plaintiff seeks disgorgement from Phunware of the PPP loan funds it received from Chase.

12. Berkley National denies that the allegations in the Underlying Action trigger a duty to defend under the Policy. Additionally, there can be no duty to indemnify for the same reason there is no duty to defend.

13. An actual and justiciable controversy exists between Berkley National, on the one hand, and Phunware, on the other hand, as to the availability of insurance coverage for Phunware with respect to the claim in the Underlying Action under the Policy, and, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I

## No Bodily Injury or Property Damage Coverage

14. Berkley National incorporates and restates the allegations of Paragraphs 1 through 11 above as if fully set forth herein.

15. Subject to all of its terms, Coverage A of the Commercial General Liability part of the Policy only provides coverage for claims for damages against an insured because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Policy. See, Exhibit B.

16. The Underlying Action does not concern a claim for damages against Phunware because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Policy.

17. Consequently, Berkley National does not owe any defense or indemnity obligation to Phunware with respect to the Underlying Action.

WHEREFORE, Plaintiff, Berkley National, prays that this Court enter the following relief:

A. A declaration finding that Berkley National owes no duty to defend Phunware under the Policy in the Underlying Action;

B. A declaration finding that Berkley National owes no duty to indemnify Phunware under the Policy for any liability for claim asserted in the Underlying Action; and

C. For all such just and equitable relief, including costs of this suit.

## COUNT II

## No Personal and Advertising Injury Coverage

18. Berkley National incorporates and restates the allegations of Paragraphs 1 through 11 above as if fully set forth herein.

19. Subject to all of its terms, Coverage B of the Commercial General Liability part of the Policy only provides coverage for claims for damages against an insured because of "personal and advertising injury" as those terms are defined and used in the Policy.

20. The Underlying Action does not concern a claim for damages against an insured because of "personal and advertising injury" as those terms are defined and used in the Policy.

21. Consequently, Berkley National does not owe any defense or indemnity obligation to Phunware under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Berkley National, prays that this Court enter the following relief:

A. A declaration finding that Berkley National owes no duty to defend Phunware under the Policy in the Underlying Action;

B. A declaration finding that Berkley National owes no duty to indemnify Phunware under the Policy for any liability for claim asserted in the Underlying Action; and

C. For all such just and equitable relief, including costs of this suit.

## COUNT III

### Expected or Intended Exclusion Bars Coverage

22. Berkley National incorporates and restates the allegations of Paragraphs 1 through 11 above as if fully set forth herein.

23. To the extent the Underlying Action alleges a claim within the insuring agreement in Coverage A, which is not the case, the Underlying Action falls within the Expected or Intended Exclusion.

24. As such, Berkley National does not owe any defense or indemnity obligation to Phunware under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Berkley National, prays that this Court enter the following relief:

A. A declaration finding that Berkley National owes no duty to defend Phunware under the Policy in the Underlying Action;

B. A declaration finding that Berkley National owes no duty to indemnify Phunware under the Policy for any liability for claim asserted in the Underlying Action; and

C. For all such just and equitable relief, including costs of this suit.

## COUNT IV

### Knowing Violation Exclusion Bars Coverage

25. Berkley National incorporates and restates the allegations of Paragraphs 1 through 11 above as if fully set forth herein.

26. To the extent the Underlying Action alleges a claim within the insuring agreement in Coverage B, which is not the case, the Underlying Action falls within the Knowing Violation of the rights of Another Exclusion.

27. Therefore, Berkley National does not owe any defense or indemnity obligation to Phunware under the Policy with respect to the Underlying Action.

WHEREFORE, Plaintiff, Berkley National, prays that this Court enter the following relief:

A. A declaration finding that Berkley National owes no duty to defend Phunware under the Policy in the Underlying Action;

B. A declaration finding that Berkley National owes no duty to indemnify Phunware under the Policy for any liability for claim asserted in the Underlying Action; and

C. For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

By: */s/ J. Price Collins*
J. Price Collins
State Bar No. 04610700
Email: Price.Collins@WilsonElser.com
**WILSON ELSER MOSKOWITZ**
     **EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101
**ATTORNEY FOR PLAINTIFF BERKLEY NATIONAL INSURANCE COMPANY**